```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. 3:10-CV-30245 |
| NEW HAVEN NATIONAL RAIL AND ) | |
| TRANSPORTATION COMPANY, ) | |
|     Defendant. ) | |

## COMPLAINT AND JURY CLAIM

### PARTIES

1.   The plaintiff, CSX Transportation, Inc. ("CSXT"), is a Virginia corporation with a principal place of business located at 500 Water Street, Jacksonville, Florida.  At all relevant times, CSXT has been engaged in the operation of freight railroads, including repairs to freight railcars in Massachusetts.

2.   The defendant, New Haven National Rail Company ("NHNR"), is a Connecticut corporation with a principal place of business located at 80 Middletown Avenue, New Haven, Connecticut.  At all relevant times, NHNR has been engaged in the business of shipping goods via its railcars in Massachusetts and elsewhere across the eastern United States.

## JURISDICTION AND VENUE

3.   CSXT hereby incorporates the allegations of paragraphs 1-2 above.

4.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a), in that:

   a.   Plaintiff and defendant reside or are corporate citizens in different states;

   b.   This dispute arises, in part, from railcar repairs performed by CSXT in West Springfield, Massachusetts; and

   c.   The amount in controversy, exclusive of interest and costs, exceeds $75,000.

## COUNT I

### (RAILCAR REPAIRS – BREACH OF CONTRACT)

5.   CSXT hereby incorporates by reference the allegations set forth in paragraphs 1-4 above, as if expressly set forth herein.

6.   The parties are freight railroad carriers which interchange freight railcars in interstate commerce.

7.   Under an express or implied agreement between NHNR and CSXT, CSXT makes regular repairs to NHNR railcars.

8.   CSXT is a signatory and subscriber of the Rules of the Association of American Railroads ("AAR").

9. CSXT abided by the Field Manual of the AAR Interchange Rules and Office Manual of the AAR Interchange Rules when making repairs to the NHNR freight railcars.

10. CSXT abided by the Field Manual of the AAR Interchange Rules and Office Manual of the AAR Interchange Rules when billing NHNR for repairs to the NHNR railcars.

11. The rules governing the parties' repairs to freight cars and the settlement for freight car repairs are found in the Field Manual of the AAR Interchange Rules and Office Manual of the AAR Interchange Rules.

12. The AAR rules make railcar owners responsible for and therefore chargeable with the repairs and maintenance to their railcars necessitated by ordinary wear and tear in fair service, safety requirements, and by the standards issued by the AAR.

13. The AAR's rules provide an equitable basis for charging railcar owners for repairs.

14. On or before May 21, 2008 through the present, CSXT has performed repairs and maintenance to NHNR railcars in accordance with the AAR's rules and standards while NHNR railcars were handled by CSXT.

15. Since May 21, 2008, CSXT has issued NHNR regular invoices for the repair and maintenance of NHNR railcars in accordance with the rules and procedures promulgated by the AAR.

16. NHNR has failed to remit full payment to CSXT for railcar repairs and maintenance.

17. NHNR has never challenged the services rendered or the amounts due under the monthly invoices CSXT submitted for repairs and maintenance of the railcars.

18. NHNR has long been in substantial arrears in payment, which arrearage has, at times, exceeded $200,000.

19. NHNR owes CSXT payment of the amounts set forth in the monthly invoices for the repair and maintenance of NHNR railcars, which amount now exceeds $230,810.

20. NHNR is not entitled to any credit or set-off from the amounts due for repairs and maintenance performed by CSXT.

21. NHNR has broken every promise to pay the arrearage and many of the unpaid invoices are thirty (30) months old.

### COUNT II

#### (QUANTUM MERUIT)

22. CSXT hereby incorporates by reference paragraphs 1-21 above.

23. CSXT provided repair, maintenance, parts and equipment to and for railcars owned by NHNR between May 21, 2008 and the present.

24. CSXT is entitled to the fair value of the services, parts and equipment which it provided in the repair and maintenance of NHNR railcars from May 21, 2008 through the present.

## COUNT III

### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

25. The plaintiff incorporates herein the allegations set forth in paragraphs 1-24 above.

26. NHNR breached the covenant of good faith and fair dealing implied in the agreement for professional railcar repair services provided by CSXT by failing to pay for said services in a timely manner.

27. As a result of NHNR's breach of the implied covenant of good faith and fair dealing, CSXT has suffered damages.

### PRAYERS FOR RELIEF

WHEREFORE, CSXT respectfully requests that this Court enter judgment in its favor on Counts I through III of the Complaint and grant the following relief:

1. Award damages equal to the amount of CSXT's outstanding invoices, an amount no less than $230,810;

2. Award damages in an amount representing the fair value of the goods and services rendered;

3. Award reasonable costs, counsels' fees and expenses incurred in connection with the prosecution of this case and the collection of outstanding monies owed by NHNR to CSXT;

4. Award interest from the date of the breach of the contract between CSXT and NHNR; and

5. Grant such further relief as the Court considers appropriate.

## JURY CLAIM

The plaintiff demands a trial by jury.

                            CSX TRANSPORTATION, INC.
                            By its attorneys,

                            /s/ David M. O'Connor

                            David M. O'Connor
                            BBO No. 544166
                            doconnor@oconnorllc.com
                            O'CONNOR & ASSOCIATES, LLC
                            100 State Street, Fourth Floor
                            Boston, Massachusetts 02109
                            (617) 723-7201

DATED:  December 30, 2010